NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JESSE BONGIARDINO, <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Civil Action No. 17-720 (JLL) <br><br> **OPINION** |

**LINARES**, Chief District Judge.

This matter comes before the Court upon the appeal of Jesse Bongiardino ("Plaintiff") from the final decision of the Commissioner ("Defendant") upholding Administrative Law Judge ("ALJ") Dennis O'Leary's denial of Plaintiff's application for disability insurance benefits ("DIBs") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act ("the Act"). The Court resolves this matter on the parties' briefs pursuant to Local Civil Rule 9.1(f). The Court has reviewed the parties' submissions, and, for the following reasons, affirms the ALJ's decision.

I. **BACKGROUND**[1]

Plaintiff applied for DIBs and SSI in May 2013, alleging disability due to scoliosis beginning in June 2011. (R. at 156–69). At the onset of his alleged disability, Plaintiff was 29 years old. (R. at 183). The state agency denied his claims and Plaintiff then requested a hearing before ALJ O'Leary. (R. at 12, 70). At the hearing, Plaintiff and a vocational expert ("VE") both

---

[1] "R." refers to the Administrative Record, which uses continuous pagination and can be found at ECF No. 7.

testified. (R. at 12). After considering the medical record and the VE's testimony, the ALJ found at Step Five that Plaintiff could perform a significant number of jobs in the national economy. (R. at 19–20). Based on this finding, the ALJ concluded that Plaintiff was not disabled. (R. at 20). The Appeals Council denied Plaintiff's request for review. (R. at 1–4). Accordingly, Plaintiff filed this appeal of the ALJ's determination.

## II.  STANDARD OF REVIEW

A reviewing court will uphold the Commissioner's factual decisions if they are supported by "substantial evidence." 42 U.S.C. §§ 405(g), 1383(c)(3); *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and "[i]t is less than a preponderance of the evidence but more than a mere scintilla." *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004). Additionally, under the Act, disability must be established by objective medical evidence. To this end, "[a]n individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability as defined in this section." 42 U.S.C. § 423(d)(5)(A). Instead, a finding that one is disabled requires:

> [M]edical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all evidence required to be furnished under this paragraph . . . would lead to a conclusion that the individual is under a disability.

*Id.*; *see also* 42 U.S.C. § 1382(a)(3)(A).

Factors to consider in determining how to weigh evidence from medical sources include: (1) the examining relationship; (2) the treatment relationship, including the length, frequency, nature, and extent of the treatment; (3) the supportability of the opinion; (4) its consistency with

2

the record as a whole; and (5) the specialization of the individual giving the opinion. *See* 20 C.F.R. § 404.1527(c).

The "substantial evidence standard is a deferential standard of review." *Jones*, 364 F.3d at 503. The ALJ is required to "set forth the reasons for his decision" and not merely make conclusory unexplained findings. *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 2000). But, if the ALJ's decision is adequately explained and supported, the Court is not "empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992) (citing *Early v. Heckler*, 743 F.2d 1002, 1007 (3d Cir. 1984)). It does not matter if this Court "acting *de novo* might have reached a different conclusion" than the Commissioner. *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190–91 (3d Cir. 1986) (quoting *Hunter Douglas, Inc. v. NLRB*, 804 F.2d 808, 812 (3d Cir. 1986)). Finally, the Third Circuit has made clear that "*Burnett* does not require the ALJ to use particular language or adhere to a particular format in conducting his [or her] analysis. Rather, the function of *Burnett* is to ensure that there is sufficient development of the record and explanation of findings to permit meaningful review." *Jones*, 364 F.3d at 505.

### III. THE FIVE STEP PROCESS AND THE ALJ'S DECISION

A claimant's eligibility for benefits is governed by 42 U.S.C. § 1382. Pursuant to the Act, a claimant is eligible for benefits if he meets the income and resource limitations of 42 U.S.C. §§ 1382(a)(1)(A)–(B) and demonstrates that he is disabled based on an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). A person is disabled only if his physical or mental impairment(s) are "of such severity that he is not only unable to do

his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The Third Circuit has summarized "the five step sequential evaluation for determining whether a claimant is under a disability, as set forth in 20 C.F.R. § 404.1520" as follows:

> In Step One, the Commissioner must determine whether the claimant is currently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a). If a claimant is found to be engaged in substantial activity, the disability claim will be denied. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).
>
> In Step Two, the Commissioner must determine whether the claimant is suffering from a severe impairment. 20 C.F.R. § 404.1520(c). If the claimant fails to show that her impairments are "severe," she is ineligible for disability benefits.
>
> In Step Three, the Commissioner compares the medical evidence of the claimant's impairment to a list of impairments presumed severe enough to preclude any gainful work. 20 C.F.R. § 404.1520(d). If a claimant does not suffer from a listed impairment or its equivalent, the analysis proceeds to steps four and five.
>
> Step Four requires the ALJ to consider whether the claimant retains the residual functional capacity [("RFC")] to perform her past relevant work. 20 C.F.R. § 404.1520(d). The claimant bears the burden of demonstrating an inability to return to her past relevant work. *Adorno v. Shalala*, 40 F.3d 43, 46 (3d Cir.1994).
>
> If the claimant is unable to resume her former occupation, the evaluation moves to the final step [(Step Five)]. At this stage, the burden of production shifts to the Commissioner, who must demonstrate the claimant is capable of performing other available work in order to deny a claim of disability. 20 C.F.R. § 404.1520(f). The ALJ must show there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and residual functional capacity. The ALJ must analyze the cumulative effect of all the claimant's impairments in determining whether she is capable of performing work and is not disabled.

*Burnett*, 220 F.3d at 118–19 (formatting and emphasis added).

"The claimant bears the burden of proof for steps one, two, and four of this test. The Commissioner bears the burden of proof for the last step." *Sykes*, 228 F.3d at 263 (citing *Bowen*, 482 U.S. at 146 n.5). Neither party bears the burden of proof at step three. *Id.* at 263 n.2.

4

The ALJ engaged in the above five-step sequential evaluation and found: at Step One, that Plaintiff has not engaged in substantial gainful activity since the alleged onset date, (R. at 14); at Step Two, that Plaintiff has the severe impairments of thoracic scoliosis, mild degenerative disc disease, and psoriatic arthropathy, (R. at 14); at Step Three, that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Sub. P, App'x. 1, (R. at 14); at RFC, that Plaintiff can perform sedentary work with the additional limitation that he perform simple and repetitive tasks, (R. at 15); at Step Four, that Plaintiff is unable to perform any past relevant work, (R. at 19); and at Step Five, that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, such as an assembler, preparer, or table worker, (R. at 19). For these reasons, the ALJ found Plaintiff not to be disabled. (R. at 20). Plaintiff challenges only the ALJ's RFC determination. (ECF No. 11 ("Pl.'s Br.") at 1).

## IV. DISCUSSION

The ALJ's RFC determination limits Plaintiff to sedentary work involving simple and repetitive tasks, such as one and two step processes. (R. at 15). Plaintiff attacks the ALJ's RFC determination on three grounds: (1) the ALJ did not base his opinion on substantial evidence in the medical record; (2) the RFC fails to incorporate Plaintiff's subjective pain complaints; and (3) the RFC fails to consider Plaintiff's obesity. (Pl.'s Br. at 7–15).

### A. The ALJ's use of the Medical Record

Plaintiff argues that the ALJ's RFC determination was not based on substantial evidence because the ALJ incorporated only some, and not all, of the findings of Plaintiff's treating physicians. (Pl.'s Br. at 8–11). However, the ALJ is not required to adopt all limitations laid out by a medical opinion, even if the ALJ affords the medical opinion significant weight. *See*

5

*Wilkinson v. Comm'r of Soc. Sec.*, 558 F. App'x 254, 256 (3d Cir. 2014); *see also Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011) ("The ALJ—not treating or examining physicians or State agency consultants—must make the ultimate disability and RFC determinations.") (citing 20 C.F.R. §§ 404.1527(e)(1), 404.1546(c)). In this case, the ALJ adequately reviewed the objective medical evidence and the opinions of Plaintiff's treating physicians, which both indicated that Plaintiff could perform sedentary work. (R. at 15–18). For objective medical evidence, the ALJ noted that neither Plaintiff's MRI, nor his clinical examinations showed significant spinal abnormalities. (R. at 16–18). This medical evidence was in line with the opinions of the treating physicians, including one observation that Plaintiff exhibited normal motor strength and a full range of motion. (R. 17–18). The ALJ relied on another treating physician who had concluded that Plaintiff "basically limited to sedentary work" based on his pain and range of motion. (R. at 17). Furthermore, the ALJ noted that his RFC determination was more beneficial to Plaintiff than the determination of the state agency physicians, who opined that Plaintiff could perform light work activity, (R. at 17). *See* 20 C.F.R. §§ 404.1527(e)(2)(i) (stating that state agency physicians merit significant consideration in the disability analysis). Upon reviewing this record, the Court concludes that the ALJ's reliance on both the objective medical evidence and the findings of the treating physicians provided substantial evidence for his RFC determination.

### B. The ALJ's Consideration of Plaintiff's Subjective Pain Complaints

Plaintiff further argues that the ALJ wrongfully discredited Plaintiff's subjective pain complaints without properly explaining his reasoning. (Pl.'s Br. at 14). The ALJ has discretion to evaluate Plaintiff's credibility and render an independent judgment in light of the medical findings and other evidence regarding the true extent of the alleged symptoms. *Malloy v. Comm'r*

*of Soc. Sec.*, 306 F. App'x. 761, 765 (3d Cir. 2009) ("Credibility determinations as to a claimant's testimony, regarding pain and other subjective complaints are for the ALJ to make.") (citing *Van Horn v. Schweiker*, 717 F.2d 871, 873 (3d Cir. 1983). Here, the ALJ did find Plaintiff's subjective pain complaints credible but "to the extent that they purport an inability to perform any manner of work activity, [Plaintiff's complaints] are not found to be fully credible or consistent with the medical evidence." (R. at 18).

The ALJ then explained that, though Plaintiff has chronic back pain, Plaintiff's MRIs showed mostly "mild" disc bulging. (R. at 18). Plaintiff conceded in his testimony that he had worked off the books since the onset of his impairment. (R. at 18). The ALJ also explained that his credibility determination was based on Plaintiff's physical examination, which reflected full range of motion, and clinical findings, none of which "would come close to support the degree of inability alleged." (R. at 18). Furthermore, to the extent that Plaintiff's complaints were supported by the record, the ALJ accounted for that when he limited Plaintiff to sedentary work. *See Simmonds v. Heckler*, 807 F.2d 54, 58 (3d Cir.1986) (holding that the ALJ accorded due weight to assertions of pain where he credited those complaints to the extent that he matched the claimant's work ability to the level asserted in the claimant's complaints). Therefore, the Court concludes that the ALJ's explanation was sufficient and that his credibility determination was based upon substantial evidence.

### C. The ALJ's Consideration of Obesity

Plaintiff's final argument is that the ALJ committed reversible error by failing to discuss his obesity, which has a significant impact on his other limitations. (Pl.'s Br. at 12). However, the ALJ is only required to include the plaintiff's "credibly established limitations" in determining the plaintiff's RFC. *Rutherford v. Barnhart*, 399 F.3d 546, 554 (3d Cir. 2005). In *Rutherford*, the

Third Circuit determined that the ALJ's failure to discuss obesity did not require remand because the plaintiff made no allegations at the administrative level that her functioning was affected by her weight. *Id.* at 553.

Here, Plaintiff's credibly-established limitations were his thoracic scoliosis, mild degenerative disc disease, and psoriatic arthropathy. (R. at 14). The ALJ's RFC determination accounted for these limitations by reducing him to performing sedentary work, (R. at 14), which is the most accommodating classification for scoliosis under the Commissioner's guidelines. *See* 20 C.F.R. § 404.1567 (classifying work as sedentary, light, medium, heavy, and very heavy). Plaintiff's obesity is not one of these credibly established limitation, and thus the ALJ did not discuss it. *See Rutherford*, 399 F.3d at 554. Akin to the plaintiff in *Rutherford*, Plaintiff did not make any allegations concerning his obesity at the administrative level, despite the opportunity to do so at the hearing. (R. at 28–48). Therefore, the Court concludes that the ALJ was not required to consider Plaintiff's obesity because Plaintiff made no showing that his weight affected his functional capacity. Based on this reasoning, the Court rejects Plaintiff's arguments and upholds the ALJ's RFC determination.

V. **CONCLUSION**

For the foregoing reasons, the Court affirms the ALJ's decision. An appropriate Order follows this Opinion.

Dated: December 6th, 2017

**JOSE L. LINARES**
Chief Judge, United States District Court